

## COURT OF APPEALS
### EIGHTH DISTRICT OF TEXAS
### EL PASO, TEXAS

|  |  |  |
|---|---|---|
| BILAL MUHAMMAD, | § | No. 08-18-00125-CR |
|  | § |  |
| Appellant, | § | Appeal from the |
|  | § |  |
| v. | § | 168th District Court of |
|  | § |  |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
|  | § |  |
| Appellee. | § | (TC# 20160D01015) |
|  | § |  |

## <u>MEMORANDUM OPINION</u>

Bilal Muhammad, *pro se*, is attempting to appeal from an interlocutory order denying his motion to recuse or disqualify the trial court. Finding that the order is not subject to an interlocutory appeal, we dismiss the appeal for lack of jurisdiction.

On June 14, 2018, the Honorable Stephen B. Ables signed an interlocutory order denying Appellant's motion to recuse the judge of the trial court. The Clerk of the Court sent Appellant a letter informing him of the Court's intent to dismiss the appeal for lack of jurisdiction. Appellant filed a written response to the Court's inquiry asserting that his motion raised grounds for both recusal and disqualification of the trial judge.

An order denying a motion to recuse "may be reviewed only for abuse of discretion on appeal from the final judgment." TEX.R.CIV.P. 18a(j)(1). A final judgment has not been entered in the case below. To the extent Appellant is attempting to appeal the denial of his motion to

recuse the trial judge, we lack jurisdiction of the interlocutory appeal. Appellant asserts that his motion to recuse also included grounds for disqualification of the trial judge. An order granting or denying a motion to disqualify may be reviewed by mandamus and "may be appealed in accordance with other law." TEX.R.CIV.P. 18a(j)(2). There is no "other law" allowing an interlocutory appeal of an order denying a motion to disqualify in a criminal case. *Cf. Tijerina v. Conde*, No. 13-16-00212-CV, 2016 WL 2968203, at *1 (Tex.App.--Corpus Christi-Edinburg May 19, 2016, no pet.)(mem. op.)(dismissing the interlocutory appeal because no law provides for an interlocutory appeal of the order denying a motion to disqualify); *Gore v. Gore*, No. 05-13-01025-CV, 2014 WL 1018650, at *1 (Tex.App.--Dallas Mar. 17, 2014, no pet.)(mem. op.)(same). Therefore, the denial of the motion to disqualify may be reviewed by mandamus or on appeal from the final judgment rendered in the case. We dismiss the appeal for lack of jurisdiction.


GINA M. PALAFOX, Justice

August 8, 2018

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)